Let's call the next case. Number T3233, Gary Dibenedetto v. City of Chicago. Now, sir, you may proceed. Good morning, your honors. Or afternoon, I should say. May it please the court. My name is Dennis Lynch. I represent the plaintiff's appellant, Gary Dibenedetto. The sole issue presented is a question of law, and that is what the maximum wage differential benefit should be based on. Is it the state average weekly wage for the date of the injury, or the state average weekly wage for the date of the hearing? In wage differential cases, it has always been recognized that the date of the hearing is the controlling date for the determination of what the wage differential should be. When the Act was amended in 2005, a separate section was put in regarding maximum wage differentials, and it was no longer based on a permanency rate, but based on the state average weekly wage. But the Act is silent as to the state average weekly wage as to when. Do you have any authority you can direct us to that provides that the maximum rate applicable to the wage differential issue is determined on the date of the arbitration hearing? Do you have any case law that says that? Can I have your question one more time, Justice? Can you cite any authority to us which provides that the maximum rate applicable to the claimant's wage differential award is determined as of the date of the arbitration hearing? As to the maximum, I don't think there's authority one way or the other. I think it's an issue of the construction of the Act. Let me try and get the language of the Act straight. If, after the accident or injury has been sustained, the employee is a result or becomes partial incapacitated from pursuing his usual and customary line of employment, he shall receive compensation for the duration of his disability subject to the limitations of the maximum amount fixed in paragraph B of this section. Now, follow me. Equal to 66.2% of the difference between the average amount which he would have been able to earn in the full performance of his duties in the occupation in which he was engaged at the time of his accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. So let's take it from the tail end. The amount that he's capable of earning is what he's capable of earning on the date of the hearing, but his average weekly wage, it appears to me, is the average weekly wage that he was earning at the time of his accident. Well, I think, Your Honor, both numbers are determined at the time of the hearing as it relates to the wage differential. Well, there's only one number to be determined, and that's the differential. But you have two components to the differential, average weekly wage and the amount that he's actually earning. The amount he's actually earning is on the date of the hearing. What case do you have that says that the average weekly wage is to be computed on that date as opposed to the date of the accident itself? Well, I think the Oldman Cold case and most recently the United Airlines case all talk in terms of you don't take the wage he was earning at the time of the accident, you take what that classification is earning at the time of the hearing. So even though you take into account those raises as to what the upper limit is, not the average weekly wage, you're paying TTD based on date of accident earnings, but your wage differential is calculated based on what he would be making if he was still in that job. So it takes into account the raises that would occur. That's why there was evidence of what hoisting engineers were making at the time of the hearing. Aren't there a long line of cases that say it's the rate applicable and the date of the injury, the date of the claimant's work injury? Aren't there a whole line of cases that say that, including Peabody Cold? Your Honor, I don't think there are cases, certainly that have been cited by the city, certainly after the amendment to the Act, that talk about the maximum being based on the date of the injury. I mean, that upper figure of what's being used at the date of hearing has always been the determinative rate. So what you're saying, I'm a little concerned here. Obviously, in a wage differential, you want the maximum difference, don't you? Certainly. But if you start throwing in wage increases, et cetera, from the date of the accident to the date of the injury, don't you have a higher number, and therefore you've got a smaller wage differential? No, Your Honor. So, for instance, if you're making, as a hoisting engineer, you're making $35 an hour at the time of the injury, but you're making $43 at the time of the hearing, right? And that's the very purpose of the Act, is to provide thorough compensation to the injured worker. And I think it's also important to point out that some of the old cases that do talk in terms of the date of the injury, even though I don't think that question was ever squarely addressed, those are all under the pre-amended version of the Act in which there was no separate maximum for wage differentials. In 2005, the legislature made a determination to change that maximum benefit to the state average weekly rate rather than the PPD rate. But they never said what date to use. And I just think that the appropriate construction... Didn't we say what rate to use in First Assist versus the Industrial Commission, which is a 2007 case, finding that the maximum weekly rate allowable for wage differential award was the maximum rate in effect on the date of the claimant's accident injury? That was stated. That is a pre-amendment case. It goes under the pre-05 Act. I think that was a 2000 date of injury. But again, I don't know that that question was squarely raised as to whether that should be the date of the injury or the date of hearing. But in any event, I think since it was a pre-amendment case, that that's a different scenario. The Act was changed to the state average weekly wage, but the legislature is silent as to what date to use. But the very nature of wage differential suggests it should be the date of the hearing. And I think it's important in this case, again, when we're dealing with an Act that's to be liberally construed to provide thorough compensation, here even the maximum rate isn't going to compensate Mr. E. Benedetto for his full wage differential or for two-thirds of that wage differential. He's still being undercompensated. So I think the only fair interpretation of the Act consistent with the prior case law is that the date of hearing should be used. Unless there's any other questions, we'll save time for rebuttal. Thank you, Counselor. Thank you. Members of the Court, Mr. Lynch, I'm Gerald Cooper on behalf of the City of Chicago. We would ask, of course, that the decision of the Workers' Compensation Commission be affirmed. We feel that in this case, Counsel is trying to bring forth the proposition about how he computes the average weekly wage, which is on the date of hearing, as opposed to a whole slew of maximums that are held throughout the Act as far as how the maximum applies on that day. Now, the arbitrator mistook the statutory computation for the non-statutory opinion that this should all be done on a hearing date. And I and the City, we take the position that, fine, if you want to say that this determination is made on the date of the hearing, that has nothing to do with the maximums and the program of maximums. The Commission in this case stated that the state's average weekly wage was $840.65 at the time of the December 12, 2006, injury. So it's our belief that the Commission looked at it the proper way, looked at it the way that they've always looked at it, as far as the date of injury. And the date of injury under the Workers' Compensation Act is used for a whole slew of things. And I would say that from the average weekly wage that one of the Justices mentioned to these different things about permanent partial disability or whatever under Section 8E, the date of injury is the most important date. The argument here is that the computation is the whole thing. Whatever happens on that day should happen on that day. We say you can go ahead and compute that, but you're certainly not going to come up with a maximum from that. So do we simply rely on the plain language of the Act or the case law out there that you can point us to? So we make this decision based on what? There is case law that the Justice brought up from prior to the latest amendments of the Act. And in that case, this Court vacated a wage differential decision that was above the statutory maximum, which was at that time permanent partial disability max. Was that first assist? Yes. Okay. And opposing counsel indicated that that predated the amendment. Correct. We have found no cases that address this since either the 2005 or especially 2011 amendments. Well, here, let's get down to some basics. The difference between the average amount which he would be able to earn, would be, not would be able to earn, in the full performance of his duties and the occupation in which he was engaged at the time of the accident. So your opponent turns around and says, well, that includes any raises that have occurred since the date of injury until the date of hearing. Because that would be the amount he would be able to earn, not was earning. They could say was earning if they wanted to. And the amount he is able to earn in some suitable employment. And that's what he's earning today. So he turns around and says, well, you've got to turn around and say, you know, what was a man's occupation? What did he do? And what are they getting paid on the date of the hearing? Because that's what he would be able to earn if he wasn't hurt. And what's he making today? And if the whole purpose is to make the injured worker whole, as best you can, or at least two-thirds of whole, tax-free, why wouldn't it be the date of hearing? I am not arguing that the wage differential isn't determined on the date of hearing. What I'm arguing is that there's still a statewide maximum. There's a maximum within the act that still has to be applied to. So counsel bring up, for instance, about the fact that this is undercompensating, and Justice just mentioned it. Remember, we went from a maximum rate, permanent partial disability rate on these kind of cases of, let's say, $400 or $500, to the statewide average weekly wage, which, you know, could be over $1,000. So I am not arguing that there shouldn't be a determination made of the wage differential at the hearing. I am saying that once you get that, you take it over and you apply it to see what the max is, and the maximum rate for this date is, you know, what you're looking at. The question is, and the maximum rate is determined as of when, the date of the accident? The date of the accident, correct. And you say the wage differential statute doesn't say that. You're arguing by analogy to maximum rate cases on permanent disability. Well, by analogy. I mean, there's workers' comp commission cases, and I'm not raising them as any kind of precedent, but what I think that it shows, what they show, is what the action of the commission was in the past. And consistently in the past, the commission found that the wage differential maximum was the permanent partial disability on the date of the injury. Now, your opponent says, wait a minute, though. The wage differential is different. We always determine both the upper number and the lower number for the wage differential as of the date of the hearing. So why wouldn't you determine what the maximum state rate is as of the date of the hearing in a wage differential case? And basically this is a case of first impression, right? Right. Because you're not really determining what the top figure is. What you're determining is two-thirds of the difference between these two figures to come out to the wage differential. The wage loss is not the wage differential under the act. You know, you come up with the wage loss, which I guess that's what you're talking about, Justice, when you say the high. But, I mean, I think your opponent's accurate when he says, you know, in determining the upper number, you do take into account raises or whatever, because the issue is what he would be earning in that occupation. Right. You know. So why wouldn't you take into account increases in the state upper limit, the maximum wage rate? Well, when we're talking about that, you're going back to, let's say, you know, whatever the date of injury is, and you're going to be, it's going to be determined by what the maximum was on that day. And once again, you say that. Why is that, though? I mean, there's no authority for it. I mean, it's a case of first impression. The act doesn't specifically say that. Well, throughout the act, we'll give you an example. Section 80, all the different permanent partial disabilities for the different part of the body. There's dozens and dozens of those. When the act was changed in 2005, those numbers of weeks, for instance, are increased, what the value was. And they increased based upon the date of injury. There was even a mistake by the state legislature, and there was a little period of time in the fall of 2005 where there was a certain rate and a certain number of weeks, but in all those, every single one, and also once you compensate a person as far as permanent partial disability, it's done on the date of the injury. Let me try and make some sense out of this, because you guys, one guy's talking about an apple, and the other guy's talking about an orange. It says here, subject to the limitations as to maximum amounts fixed in paragraph B of this section, equal to two-thirds of the difference, blah, blah, blah. The maximum amounts set forth in paragraph B of this section says that, get it out here, for injuries occurring on or after limitations of compensation. Wage differential maximum. For injuries occurring on or after February 1st, 2006, the maximum weekly benefit under paragraph D1 of this section shall be 100% of the state's average weekly wage in covered industries under the Unemployment Insurance Act. According to the commission's decision, 100% of the average weekly wage covered in industries under the insurance act was $840.65. So regardless of what the two-thirds computation is between what he would have been earning under his prior occupation and what he is earning, the maximum amount that he can get is $840.65. Is that your argument? Yes. Okay. Now, how was that different from whatever dollars they felt was the state maximum on the date of the accident? Correct. Not on the date of the hearing. That's what we're, that's what the dispute here is. Do you take the state maximum on the date of the accident or the date of the hearing? Correct. And it was higher on the date of the hearing. It was higher on the date of the hearing because, of course, it was later. And why should it be at the date of the accident? It should be the date of the accident because the maximum regimen or scheme or whatever of workers' compensation act is, everything is determined from the date of the injury. Well, and so we know because of all these other things the legislature said it's the date of the injury, but they didn't say the date of the injury. Well, they said for injuries occurring on or after February 1, 2006. The maximum weekly benefits. They could have said, you know, the maximum weekly benefit on the date of the accident. That's what they did. Sorry. But more importantly, from our perspective, they could have said hearings if they meant hearings. And if it's different than anything else, why didn't they say, put in the word hearing? Well, there's always a rule of statutory construction on both sides of any issue, isn't there? Yes. So we would request that this court can affirm the decision of the circuit court confirming the workers' compensation commission and finding that the maximum rates do apply and they apply for the date of the injury. Thank you, counsel. Counsel, you may reply. Thank you, Your Honor. Your Honor, to pick up with your question, I think that's really the issue. The legislature knows full well how to limit something to the date of the accident, and they chose not to do it in this instance explicitly. And I think the analogy, although not dealing with wages, is to the case that was decided by the Supreme Court two years ago that I cannot pronounce that deals with the mailbox rule. And there the court pointed out that there's times when the legislature is explicit that the mailbox rule cannot be used, and in this instance they were not explicit, so we're going to allow the mailbox rule to be applied. I think the situation here is very similar. The legislature knows full well how to limit something to the date of the accident, and it chose not to do so. And it chose not to do so in an area where the date of the hearing is really undisputedly the controlling date. Have you looked at the legislative history for the amendment? To the 2005 amendment? Right. I endeavor to do so, and to be honest, there was not a whole lot said about this subject, period. Well, prior to this amendment, it was always determined that it would be compared to the date of injury. Is that correct? I think my quarrel, Your Honor, is with the word determined. I think that that was an assumption that was made. Okay. Calculate it. I know in first assist, for instance, the date of the accident was used, but that was a point that was conceded by the claimant. It wasn't a point argued and decided. It occurs to me, though, your argument is the legislature could use date of accident if they wanted to use date of accident. But if the cases that precede the legislative action all said date of accident, date of accident, if the legislator wanted it to be date of hearing, they would have said so. Well, I think two things. One, that there's a presumption that because of the amendment, the legislature sought to make a change. And, two, because the date of hearing has always been this determinative date to calculate the wage differential, I think that that in literally- But wait a minute. But that's only logical because it is a wage differential. It's not logical as to a maximum. That logic only holds true to the computation of the wage differential without regard to a maximum. Oh, respectfully, your honor, I would disagree. Why would that be? Because the intent of the act is to provide thorough compensation. So why would it limit it? They're providing the thorough compensation by saying take into consideration all raises up to the date of hearing and subtract from that the amount that he's actually earning today. I mean, that's his compensation. When the legislature talks about a maximum, that's a limitation in and of itself. That deprives him of maximum compensation by putting any limitation at all on it. But there's nothing certainly explicit within the act that says that maximum- But that's not what I'm suggesting to you. My suggestion to you is that if prior to this amendment that calculated Honorary after February 1st, 2006, setting it up to the state's average weekly wage covered in industries under the Unemployment Compensation Act, prior to that amendment, the amount that he was payable was always computed- And if the legislature wanted to make it the date of hearing, why didn't they say so? They're the ones that were changing it. Certainly. Prior to that date. What's your best case prior to that date saying that the maximum should be computed based on the date of hearing as opposed to the accident? I don't think there's any cases that really talk in terms of the maximum. But we do have a case that talks in terms of computation as of date of accident in first assessed. Well, it didn't calculate it in terms of the wage differential wasn't calculated in terms of the date of the accident. It was terms- Date of hearing. Right. And there was a concession made that the date of accident- That's the maximum. Maximum should have been used, but it wasn't a point actually decided- Are there any other maximum cases prior to this amendment? Not that I'm aware of, Your Honor. Well, not that I'm aware of or that was cited by the city, Your Honor. So we're on a blank slate here. You are. And I think that with that blank slate, I think you look at the fact that the date of the hearing is the relevant date for wage differentials, that they are a special category, and that the intent of the act is thorough compensation. Thank you, Your Honor. I would ask that you reverse the decision. Thank you, counsel, both for your arguments in this matter. We've taken an advisement. A written disposition shall issue. Court will stand in brief recess.